Alden Banniettis, Esq. (AB-4896)
2972 Avenue X
Brooklyn, New York 11235
718-648-8300
thelawdoc@aol.com / cell 347-226-0166

Counsel for Defts.

| | |
|---|---|
| United States District Court | Docket # |
| Eastern District of New York | CV 12-2261 |

-------------------------------------.
Allstate Insurance Companies, et al.,

                Plaintiffs,

-against-

Alexander Bank, Robert Solomon, M.D., Richmond Radiology, P.C., Alba Management, Inc.,

                Defendants.
-------------------------------------.

**ANSWER TO COMPLAINT**

Defendants, Alexander Bank, Robert Solomon, M.D., Richmond Radiology, P.C., Alba Management, Inc., having appeared in this action by counsel, Alden Banniettis, Esqs., now answer the complaint as follows:

1. Defendants deny, one and all, the allegations set forth in the complaint**, except:** defendants admit as follows: that Robert Solomon, M.D. is a New York State licensed physician of diagnostic medicine and the sole corporate officer of Complete Radiology, P.C. and that Robert Solomon, M.D. was previously the sole corporate officer of Richmond Radiology, P.C., having sold

the latter in 2009; that Alba Management, Inc. (Alexander Bank, sole corporate officer) is a domestic corporation that owns and leases out and maintains medical-diagnostic machines, including MRI units, X-Ray units, etc.; that Richmond Radiology, P.C. was purchased by Steven Losik, M.D., a licensed New York State physician of diagnostic medicine, in 2009 whence Robert Solomon, M.D. ceased to have any ownership in same; that Complete Radiology, P.C. and Richmond Radiology, P.C. lease medical diagnostic units under written contracts with Alba Management, Inc., perform diagnostic health services only pursuant to prescriptions by physicians, invoice insurer payors, and operate without any ownership control by Alba Management, Inc. or Alexander Bank. That the clinical necessity for such services does not emanate from any named defendant herein. Rather, unnamed non-party physicians determine medical necessity for Plaintiff's insureds -none of which have been named by Plaintiff in this action.

2. Defendants assert that the amounts invoiced to plaintiffs are amounts set forth in the New York State Workers Compensation Fee Schedule. Therefore, there can be no cause of action against

any defendant herein that entails 'inflating' billing. In the same vein, defendants assert that no defendant herein is in a position that entails prescription for services. Therefore, there can be no cause of action for phony necessity of services against any named defendant herein.

3. Plaintiffs have failed to include necessary defendants in the action. The failure by plaintiffs to name the prescribing physicians of the services alleged to have been lacking necessity is grounds for dismissal of the causes of action that rely upon allegations of lacking necessity.

**First Affirmative Defense**, Alba Management, Inc. and Alexander Bank submit that the Complaint fails to state a cause of action against them; that there is no privity of contract between Plaintiffs and these Defendants. These defendants perform no service for Plaintiff, do not invoice Plaintiff, take no payments from Plaintiff, and owe no duty of any type to Plaintiff. These defendants are not subject to any fee schedule or price controls under any law stated in the complaint, and these defendants owe no explanations of any sort to Plaintiffs. Furthermore, even without regard to duty owed to Plaintiff,

these defendants deny knowledge of any fraud committed against this plaintiff.  In the same vein, none of the statutes cited by Plaintiff in the complaint are applicable against Alba Management, Inc. and Alexander Bank, and the Complaint fails to set forth any particular allegation against these defendants beyond the bald statements that he is some secret owner of defendant pc's.  Nothing in the complaint's exhibits -or reality, supports such an allegation. In sum, there is no cause of action against Alba Management, Inc. or Alexander Bank.

**Second Affirmative Defense**: defendants assert the NYCRR "30-Day-Rule" in response to any accusations of impropriety that have not been contained within an nf-10 within the statutory period mandated by Art. 51 of the Insurance Law.  Plaintiff's refusals to pay, based as they are stated to be, are a conclusory impugnation upon assignee-provider p.c. defendants, and are *precluded as a matter of law*.  Plaintiff may not raise within an untimely denial an allegation of *provider* scheme to obtain insurance benefits by overcharge, fraud, etc.  **Fair Price Medical Supply Corp. V. Travelers Indemnity Co., App.Div.2nd Dept., 2006-02763, decided 6.12.07 NYLJ P.19, col.1, June 20,**

**2007**, **Aff'd Court of Appeals, 2008 NY Slip Op 04946, 6.5.08.**

**Third Affirmative Defense**, defendants submit that laches bars plaintiff at this point from complaining even against the non-party physicians about clinical justification for services. Art. 51 of New York's Insurance Law affords an insurer 30 days to verify the clinical necessity of an MRI prescription. Said "30-Day-Rule" is akin to a statute of limitations. The clinical necessity of a service, under Art. 51 of the Insurance Law, is beyond review or complaint of an insurer after 30 days much as impropriety and schemes to obtain insurance benefits by fraud are foreclosed after 30 days. There is an exception for allegations of fraud by assignor-patients -not applicable here. Indeed, the cause of action does not entail allegations against any patient.

**Fourth Affirmative Defense**: Defendants assert the Statute of Limitations. The narrative of the complaint indicates that Plaintiff knew and could have known of its RICO style allegations long, long ago and certainly further back than two years ago.

**Fifth Affirmative Defense**: Accord and Satisfaction and Settlement.  Defendants assert that at least one and probably many of the underlying claims cited and exhibited by the instant complaint have been settled within other litigation and are, therefore, beyond the purview of plaintiff's complaint and foreclosed as a matter of law.

**Sixth Affirmative Defense:** The instant cause of action violates a comprehensive settlement agreement between the plaintiffs and Robert Solomon, M.D. and his professional corporations.  Said agreement, signed in 2010 and in the possession of plaintiffs, forecloses sleeping dog claims and causes of action that resurrect bygones.  Defendant has not violated the agreement nor has there been any allegation by plaintiffs that defendant Solomon has violated the agreement.  The essence of the instant cause of action is symmetrical with the allegations of the prior cause of action insofar as the alleged conduct of Dr. Solomon is identical in act and spirit.  As such, the instant complaint must be dismissed.

**Wherefore**, since there is no cause of action stated against defendant Alba Management and Alex Bank, and since there is no

tenable cause of action in fraud to be shown between any defendant and plaintiffs, the complaint should be dismissed.

Dated: Brooklyn, New York
May 25, 2012

                                        Alden Banniettis, Esq.
                                        (AB-4896)
                                        Attorney for Defendants:
Alexander Bank, Robert Solomon, M.D., Richmond Radiology, P.C., Alba Management, Inc.
2972 Avenue X
Brooklyn, New York 11235
718-648-8300
347-226-0166 [cell]
718-648-8730 [fax]
thelawdoc@aol.com

Smith & Brink, Esqs.
Richard King, Esq.
1325 Franklin Avenue, Ste.320
Garden City, New York 11530
Tel: 347-710-0050
Fax: 347-710-0055